IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

\_\_\_ FILED    \_\_\_ ENTERED
\_\_\_ LODGED   \_\_\_ RECEIVED

SEP 0 8 2000

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | | |
|---|---|---|
| ERIC V. BISHOP, SR., et al. | * | |
| Plaintiffs | * | |
| vs. | * | Civil No. WMN-00-1456 |
| PERDUE FARMS, INC. | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JOINT MOTION FOR LEAVE TO REVISE THE SCHEDULING ORDER**

On August 9, 2000, this Court entered a Scheduling Order in the above-captioned case. Plaintiffs and Defendant hereby jointly move for revision of the deadlines contained therein.

The parties make this request in light of their experience in <u>Heath v. Perdue</u>, WMN-98-3159, in which identical issues are being litigated. In that case, the Court invited the parties to set realistic time frames for completing each phase of the case. By this motion, the parties seek to apply the lessons learned in <u>Heath</u> to the scheduling of the instant case. Further, the parties believe it should expedite resolution of the issues in this case to first resolve as many issues as possible, including damages, in <u>Heath</u>. Finally, because the parties are engaged in a demanding briefing schedule in the <u>Heath</u> matter through November of 2000, they request that this Court extend the deadlines in its August 9, 2000 Order, as set forth in this Joint Motion.

Because the parties will be bound by the ultimate legal decision in the <u>Heath</u> case, the only issue to resolve in this matter is the amount of unpaid overtime wages due the plaintiffs in this case.

APPROVED 11th DAY
OF September 00

_____
UNITED STATES DISTRICT JUDGE

In order to collect the most coherent and thorough information regarding damages, the parties have agreed that the defendants will pose detailed and specific interrogatories to the plaintiffs in this case, requesting information about all damage related issues. To the extent that the defendant poses any questions about the time the plaintiffs spend traveling to and from the first and last farm each shift, and what, if any, tasks they perform to prepare for such traveling, counsel for the plaintiffs will ask the plaintiffs those questions verbatim, and except for defining unknown terms, will not elaborate on the information sought in those particular interrogatories.

Defendant's interrogatories will be served on counsel for the plaintiffs no later than September 29, 2000. The plaintiffs will have until December 15, 2000 to propound answers to those interrogatories. Plaintiffs will endeavor to serve the responses as they are completed, rather than waiting until December 15, 2000 to serve them in their entirety.

Counsel for the plaintiffs are in the process of gathering the same documents from the plaintiffs in this case which were requested of the plaintiffs in the Heath case. Those will be produced to the defendant as they are available, and in any case, no later than December 15, 2000. If the defendant has any additional document requests to propound to the plaintiffs, those requests will be served no later than September 29, 2000.

The parties believe that the responses to the defendants interrogatories will obviate the need to depose the vast majority of the plaintiffs in this case. If, however, the discovery responses from the plaintiffs contain any ambiguities or responses which require further examination, the defendants will take the depositions of those particular plaintiffs on or before February 15, 2001.

Plaintiffs do not anticipate the need to serve additional discovery requests upon the

defendant, but if the need arises, plaintiffs will serve interrogatories and requests for production of documents by September 29, 2000. The defendants will have 30 days to respond to those discovery requests. Similarly, plaintiffs do not anticipate the need to take any further depositions in this matter, but if the need arises, plaintiffs will complete all depositions by February 15, 2001.

The parties have already filed reports regarding deposition hours with this Court on or about August 23, 2000. Except as modified by the provisions above, those reports remain accurate.

After the close of discovery on February 15, 2001, the parties will submit a written discovery report to this Court on or before February 22, 2001.

The parties propose that the deadline for filing any dispositive pretrial motions be March 30, 2001.

The parties propose that they exchange Rule 26(a)(2) disclosures by experts, if any, by January 26, 2001 and that both parties' rebuttal disclosures be due no later than February 9, 2001. The parties further propose that the deadline for catchers to file consent forms be December 29, 2000, that Rule 26(e)(2) supplementation of disclosures and responses be due by February 1, 2001, and that the deadline for requests for admissions be February 28, 2001.

The parties will adhere to all other procedural instructions and guidelines contained in the Court's original scheduling order.

Counsel for the defendant have authorized counsel for the plaintiffs to sign this Joint Motion on their behalf.

Respectfully submitted,

_____
Edgar N. James
(Federal Bar No. 02805)
Judith M. Conti
James & Hoffman, PC
1146 19th Street, N.W.
Washington, D.C. 20036
(202) 496-0500


_____
Gregory P. McGuire
Glenn L. Spencer
Haynsworth, Baldwin, Johnson & Greaves, LLC
3605 Glenwood Avenue, Suite 210
Raleigh, NC 27612-4954
(919) 782-3340


_____
Bryan D. Bolton
Funk & Bolton
100 Light Street, Suite 1000
Baltimore, MD 21202
(410) 659-7700


DATED: September 6, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2000, a copy of the parties' Joint Motion for Leave to Revise Scheduling Order and this Certificate of Service were mailed first-class, postage prepaid, to:

>Gregory P. McGuire, Esquire
>Glenn Spencer, Esquire
>Haynsworth, Baldwin, Johnson & Greaves, LLC,
>P.O. Box 10035
>Raleigh, North Carolina 27605-0035
>
>Bryan D. Bolton
>Funk & Bolton, P.A.
>100 Light Street, Suite 1000
>Baltimore, Maryland 21202

_____
Judith M. Conti